## Case No. 910.

### BANK OF THE UNITED STATES v. BRENT.

[2 Cranch, C. C. 696.][1]

Circuit Court, District of Columbia. May Term, 1826.

BANKS—OFFICIAL BOND—EXECUTED AFTER SERVICE BEGINS—VALIDITY.

1. In an official bond, the words "well and faithfully executed the office, and in all things relating to the same, well and faithfully behave," mean the same as the words "faithfully perform the trust reposed in them," [and do not render the surety liable for want of skill on the part of the principal.]

[See Union Bank of Georgetown v. Forrest, Case No. 14,356.]

2. Quaere, whether the official bond of the teller of a branch bank of the United States, is void because not taken conformably with the 6th article of the rules and regulations for the government of the officers or discount and deposit of the Bank of the United States."

3. It was not void because executed fourteen days after the teller had entered upon the duties of his office.

At law. Debt [by the Bank of the United States against William Brent, surety] upon the official bond of Richmond Johnson, a teller of the office of discount and deposit of the Bank of the United States, at Washington, dated 21st September, 1819, in the penalty of $20,000, the condition of which was, that he should "well and faithfully execute the said office, and in all things relating to the same, should well and faithfully behave." [Heard on demurrer to pleas and demurrer to rejoinder. Judgment for defendant. Recovery was thereafter had by the bank in an action of assumpsit against the teller. See Bank of U. S. v. Johnson, Case No. 919.]

By the 14th article of the constitution of the bank, which is contained in the 11th section of the act of incorporation, the directors are authorized to establish offices of discount and deposit in the several states and territories, "and to commit the management of the said offices and the business thereof, respectively, to such persons and under such regulations as they shall think proper." Under that power the directors established "rules and regulations for the government of the offices of discount and deposit of the Bank of the United States," consisting of thirty-one articles, the sixth of which is in these words: "The tellers, clerks, and servants of the offices shall be appointed by their directors, and before they enter on the duties of their respective offices, bonds shall be given, with sufficient surety, (to be approved by the directors,) for the faithful performance of the trust reposed in them." The breach of the condition of the bond, alleged in the declaration was, "that the said R. J. did not well and faithfully execute the said office, and in all things relating to the same, well and faithfully behave," but at divers

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

times, by virtue of his appointment of teller, received divers sums of money, amounting to $7,000, &c., "and hath not rendered nor paid to the plaintiffs the said sum of money, nor any part thereof, nor any just, true, or fair account thereof, or of any part thereof," but refused so to do, "contrary to the faithful execution of the said office, and to faithful behavior in relation to the same, and contrary to the form and effect of the said condition."

The defendant pleaded six special pleas; the pleadings upon which resulted in general demurrers, except the third and fifth pleas, upon which issues were joined. The demurrer to the first plea raised the question whether the bond was void because executed fourteen days after the teller had entered upon the duties of his office. The demurrer to the second plea raised the question whether an official bond, with a condition that the officer "shall well and faithfully execute his office, and in all things relating to the same, well and faithfully behave," be a valid bond, if required and taken under a color, and by pretence of a rule, regulation, or by-law which requires that bonds shall be given by the officers "for the faithful performance of the trust reposed in them." The demurrer to the fourth plea raised the question whether, under the condition of a bond "well and faithfully to execute the office, and in all things relating to the same, well and faithfully to behave," the defendant (a surety,) is liable for mistakes made by the officer, in his office, not through want of fidelity or honesty on the part of the officer. The demurrer to the rejoinder to the sixth plea raised the question whether the defendant, under the condition of this bond, (which was required and taken by the plaintiffs, in fulfilment and supposed pursuance of the sixth article of the rules and regulations for the government of the offices of discount and deposit of the Bank of the United States,) was liable for the casual, involuntary, and honest mistakes of the officer, in keeping his accounts, although the condition of the bond be that he shall well and faithfully execute the office. These questions may be reduced to two, namely: 1. Do the words "well and faithfully execute the office, and in all things relating to the same, well and faithfully behave," mean the same as the words "faithfully perform the trust reposed in them?" 2. If they do not, then, whether the bond is void because not conformable to the sixth rule.

Mr. Jones and Mr. Wallach, for the defendant, to show that the bond, if not taken agreeably to the by-law, is void, cited the case of Bank of U. S. v. Dandridge, [Case No. 914,] decided by Marshall, Circuit Justice, in Richmond.

They contended, also, that "well and faithfully," in the condition of this bond, refer

only to his fidelity, not to his skill in executing the duties of his office. Such is evidently the intent of the by-law, and the condition ought to be construed in reference to the by-law. President, etc., of Union Bank v. Clossy, 10 Johns. 271; Miller v. Stewart, 9 Wheat. [22 U. S.] 702, Mr. Justice Story's opinion.

Mr. Lear and Mr. Swann, contra.

The directors had a right to take such a bond, and therefore, whether it conforms to the rule or not, it is a valid bond. The case in Johnson was decided upon the particular words of the condition, and not upon any general principle. "Well" refers to skill, "faithfully" to honesty. The two words cover mistakes and fraud.

Mr. Jones, in reply.

The rule is equivalent to a statute, and, within its sphere of action, is as effectual; and the law is clear that a bond taken under a statute must conform to it. See Barton v. Webb, 8 Term R. 459; Shum v. Farrington, 1 Bos. & P. 640; 2 Chit. Pl. 633; Harris v. Mantle, 3 Term R. 307; Foster v. Pierson, 4 Term R. 617.

Mr. Lear cited Rhodes v. Vaughan, 2 Hawks, 167; Hughes v. Smith, 5 Johns. 168; Clap v. Cofran, 7 Mass. 98; Freeman v. Davis, Id. 200; Morse v. Hodsdon, 5 Mass. 314; Stevens v. Boyce, 9 Johns. 292.

November 28, 1826. THE COURT (THRUSTON, Circuit Judge, contra) rendered judgment, upon the demurrers, for the defendant; being of opinion that the words, (in the condition of the bonds) "well and faithfully executed the office, and in all things, relating to the same, well and faithfully behave," substantially mean the same as the words in the sixth article of the rules and regulations, "faithfully perform the trust reposed in them," and the defendant was bound only for the teller's fidelity, not his skill. President, etc., of Union Bank v. Clossy, 10 Johns. 271. The court gave no opinion upon the question whether a bond taken under color of the sixth article of the rules and regulations, &c., be void if it do not substantially pursue the requisition of the article. But upon this point see the cases cited in the argument, and Inhabitants of Nottingham v. Giles, 1 Penn. [2 N. J. Law,] 120; Speake v. U. S., 9 Cranch, [13 U. S.] 28; U. S. v. Sawyer, [Case No. 16,227;] The Struggle, [Id. 13,550;] U. S. v. Morgan, MS. in the circuit court of the United States for the district of Pennsylvania, in 1811, [Id. 15,809;] Armstrong v. U. S., in the circuit court of the United States for district of New Jersey, in 1811, [Id. 549;] U. S. v. Hipkins, in the district court at Norfolk, in December, 1808, [Id. 15,371;] U. S. v. Smith, in the district court for New York, in 1809, [Id. 16,334.]